UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA

Vs.

MICHAEL ANGSTENBERGER

            Defendant

_____

                          **SENTENCING MEMORANDUM**
                          **22CR186**

## INTRODUCTION

This memorandum is being submitted for the Court's consideration of the Defendant's request for a sentence that would be sufficient, but not greater than necessary under the circumstances.

## Procedural History

## ARGUMENT

In the United States v. Booker 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Supreme Court rendered the United States Sentencing Guidelines advisory. The Second Circuit has instructed that although advisory, the sentencing court must still calculate the appropriate sentencing range under the Guidelines, including any departure

provisions. United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). "Once an applicable Guideline range has been determined, the sentencing judge will have the duty, imposed by Section 3553(a)(4), to 'consider' it, along with all of the factors listed in Section 3553(a)." Id. The Court must give due consideration to the factors identified in 18 U.S.C. Sec. 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103, and as recently affirmed in United States v. Ministro-Tapia, 470 F.3d 137 (2nd Cir. 2006).

The law of this circuit has not been changed by Rita v. United States, 127 S.Ct. 2456 (2007). Rita recognized that courts could continue to apply a more searching level of appellate review than a "presumption of reasonableness." The sentencing courts, applying the Guidelines in individual cases may depart (either pursuant to the Guidelines, or, since Booker, by imposing a non-Guideline sentence)… "The result is a set of Guidelines that seek to embody the Sec. 3553(a) considerations, both in principle and in practice." Id. At 2458.  Appellate "reasonableness" review merely asks whether the trial court abused its discretion." Id. At 2465.

The Supreme Court issued two decisions; Gall v. United States, 552 U.S., 128 S.Ct. 586 (2007), and Kimbrough v. United States, 552 U.S., 128 S.Ct.558 (2007), which give the sentencing court power to make an individualized assessment of the appropriate sentence based on the facts presented in each case.

### Title 18 United States Code Section 3553(a)(1) Factors

### History and Characteristics of Defendant

Section 3553(a)(1) instructs courts to consider "the history and characteristics of the defendant." 18 U.S.C. Sec. 3553(a) (1). Now, after the Supreme Court's decision in Booker, District Courts are able to adequately consider aspects of defendants' lives that were previously prohibited under the mandatory Guideline framework. Mr. Angstenberger's history and characteristics are such that a mandatory minimum sentence should be imposed.

Mr. Angstenberger is 48 years old and was born in Buffalo, New York. He resides in North Tonawanda and has only a minor criminal record from the early 90s.

His biological father is the late Randy Fargo. His mother is Carolyn Valentine. His mother married Thomas Angstenberger when he was an infant, and Thomas adopted Michael. Thomas was a baker and died at

3

the young age of 57 from cancer. His mother is 65 years old and is a retired accountant/bookkeeper.

Mr. Angstenberger has two half siblings. His brother Fredrick is 46 years old and resides in Amherst. He is employed as an executive for a local business. His sister is a homemaker and resides in Niagara Falls. Mr. Angstenberger has a good relationship with both his siblings.

**Education and Work History:**

Mr. Angstenberger attended Maryvale Highschool until 11th grade. He later received a GED and briefly attended Erie Community College.

Mr. Angstenberger was most recently employed as a warehouse material handler.  Prior to that, he held jobs as a seamer, a tire technician, and a laborer.

**Current Relationships:**

Mr. Angstenberger has never been married and is not currently in a relationship.

**Physical Condition/Mental Health:**

Mr. Angstenberger is in poor physical health.  He suffers from bipolar disorder, anxiety, asthma, obesity, lower back pain, sleep apnea

and has had multiple concussions.

## CONCLUSION

Mr. Angstenberger is 48 years old and finds himself in significant legal trouble. He is extremely ashamed of his behavior and feels disgusted with himself. He has allowed his crimes to potentially destroy everything meaningful to him and his family. In addition to facing a lengthy prison sentence, his actions resulted in him being humiliated in front of his friends, family and the community he resides in.

Mr. Angstenberger accepted responsibility from the start and never tried to deny his guilt. He has been engaged in counseling at Endeavor since his arrest, and he wants to remain engaged in mental health and sex offender treatment so that he never repeats this behavior.

Mr. Angstenberger has a history of gainful employment, and he is doing well on pretrial supervision. Most importantly, he is extremely ashamed of his conduct. Through his counseling he realizes how his actions contributed to the victimization of these young girls. He feels "embarrassed" and "disgusted" with himself. He will likely never forgive himself.

In summary, this conviction has permanently affected Mr. Angstenberger's life. He realizes that his actions could potentially take him away from the things that mean the most to him, his mother and his siblings. This has caused him to do much soul searching and reflecting on how he wants to live the remainder of his life.

Mr. Angstenberger asks Your Honor to include in your consideration Your Honor's own sense of what is a fair and just sentence under all the circumstances, and respectfully requests a sentence that is sufficient, but not greater than necessary. See United States v. Jones, 460 F.3d 191, 195 (2d Cir. 2006).

In light of the serious consequences already suffered, I am confident that Mr. Angstenberger will never re-offend. His goals in life are simple. He wants to be able to continue to address his physical/mental health needs and spend time with his family. His mother is 65 years old and not in the best of health. His biggest fear is that she won't be alive when he is finished serving his sentence.

For the foregoing reasons, Mr. Angstenberger respectfully requests the Court to sentence him to a 5-year sentence.

**DATED:**   Buffalo, New York November 10, 2023

                                     Respectfully Submitted,

                                     s/ Dominic Saraceno

                                     DOMINIC SARACENO, ESQ.
                                     534 Delaware Avenue
                                     Buffalo, New York 14202
                                     (716)626-7007 (T)
                                     (800)305-5836 (F)
                                     saracenolaw@gmail.com

To:    Charles Kruly
        Assistant United States Attorney

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

vs.

MICHAEL ANGSTENBERGER

            Defendant.
_____

## CERTIFICATE OF SERVICE

### 22-CR-186

I hereby certify that on November 10, 2023, I electronically filed the Foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following EM/EF Participant on this case:

Charles Kruly, AUSA
138 Delaware Avenue
Buffalo, New York 14202

And. I hereby certify that I have emailed the document to the following non-CM/ECF participant(s).

ASHLEY MCNEAL
United States Probation Officer
U.S. Probation Department
234 U.S. Courthouse
68 Court Street
Buffalo, New York 14202

                                            s/Dominic Saraceno
                                            _____
                                            DOMINIC SARACENO