IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                             22-CR-186-RJA

MICHAEL ANGSTENBERGER,

      Defendant.

---

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM**

The government submits this memorandum in support of a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The nature and circumstances of this case are unquestionably serious. *See* 18 U.S.C. § 3553(a)(1). The defendant pretended to be a teenage girl in order to gain the trust of young girls whom he met on social media. When he was interviewed by the Probation Office, the defendant correctly predicted that some of his victims were susceptible to the defendant's conduct because of difficulties the victims experienced in their own lives. *See* Dkt. 56 ¶ 56. For instance, the defendant spoke with Victim 2 about her body insecurities and, after building up trust with Victim 2, asked Victim 2 to take a photo of her putting a hairbrush in her vagina; Victim 2 described "felt very uncomfortable about the request," but she ultimately did so because "she did not want to lose a friend." *Id.* ¶ 33.

Similarly, as Victim 1's grandmother wrote to the Court, Victim 1 was "very vulnerable," because her mother had been seriously injured in a car accident that left Victim 1's mother with a brain injury. As with Victim 2, the defendant manipulated Victim 1's trust

to ask for photos of Victim 1's genitals. Now, as Victim 1's grandmother told the Court, Victim 1 must live with the "worr[y] over if the pictures" she sent the defendant "will surface to someone in school, worried if her friends will see them, worried if they will ridicule and judge." *Id.*

Victim 1 will therefore be repeatedly victimized by the defendant's conduct. This is one of the reasons why Congress passed child pornography laws: As Congress found, "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Pub. L. 104-208, Div. A, Title I, § 101(a), 110 Stat. 3009-26. The Court's sentence must therefore reflect the continuing harm that the defendant's conduct has caused. *See United States v. Pugh*, 515 F.3d 1179, 1195 (11th Cir. 2008) (noting that § 3553(a)(2)(A) is "'another way of saying that the sentence should reflect the gravity of the defendant's conduct,'" and that "'[f]rom the public's standpoint, the sentence should be of a type and length that will adequately reflect, among other things, the harm done or threatened by the offense'") (quoting S. Rep. No. 980225, at 75-76) (discussing § 3553(a)(2)(A) in context of child pornography sentencing).

To his credit, the defendant quickly agreed to plead guilty, and he has repeatedly acknowledged that he abused the victims' trust. *See* Dkt. 55; Dkt. 56 ¶ 56. He has therefore clearly accepted responsibility. The defendant's apparently-genuine acknowledgment of the harm he caused distinguishes him from many other similarly-situated defendants. The Court may, and should, consider the defendant's remorse when deciding what sentence is sufficient, but not greater than necessary, to accomplish the purposes of sentencing set forth in § 3553(a).

DATED:      Buffalo, New York, December 7, 2023.

>Respectfully submitted,
>
>TRINI E. ROSS
>United States Attorney
>
>By:   ***CHARLES M. KRULY***
>      CHARLES M. KRULY
>      Assistant United States Attorney
>      United States Attorney's Office
>      Western District of New York
>      138 Delaware Ave.
>      Buffalo, New York 14202
>      (716) 843-5838
>      Charles.kruly@usdoj.gov